THE STATE *ex rel.* YOUNG v. MURPHY *et al., Judges.*

Division Two, December 18, 1894.

Jackson County Criminal Court: STENOGRAPHER: COMPENSATION.
  The criminal court of Jackson county has no authority to appoint a stenographer for the terms of court held at the city of Independence, that city not having a population of over one hundred thousand inhabitants. (R. S. 1889, chap. 153, art. 5.)

*Mandamus.*

PEREMPTORY WRIT DENIED.

*Arthur S. Lyman* for relator.

(1) Relator is entitled to charge and receive from the county of Jackson the sum of $10 per day for each and every day's attendance by him, as official stenographer, on the criminal court of Jackson county. R. S.

1889, secs. 8242, 8245. (2) In contradistinction with the criminal court of St. Louis City, the only court in the state affected by the act of 1881, our criminal court, is the criminal court of Jackson county, the terms of which are held alternately in the city of Independence, the county seat, and at Kansas City. Kansas City is a small part of the territory over which its jurisdiction extends. It is not a city court. Is it then to be seriously and justly contended that, because the criminal court meets during one half of its terms in Kansas City, therefore that city must pay the salary of the stenographer? On what just basis can such a contention be founded?

*Wash Adams* for respondents.

(1) In 1890 Jackson county had a population, as shown by the United States census, of one hundred and sixty thousand, five hundred and ten. Hence it follows that the criminal court of Jackson county is not subject to the provisions of section 8245, Revised Statutes, 1889, nor to the provisions of article 3 of chapter 153, Revised Statutes, 1889, as erroneously contended by counsel for relator, nor to article 4, of said chapter, for the plain and obvious reason that Jackson county has outgrown those general laws, since it had, in 1890, a population of more than one hundred and fifty thousand. (2) Either relator has no rights at all as official stenographer of the criminal court of Jackson county, or he is subject to the provisions of article 5, chapter 153, Revised Statutes, 1889. But this court, in a well considered and able opinion, has held that article 5, of chapter 153, was intended to, and does, govern the official stenographer of the criminal court of Jackson county. *State ex rel. Martin v. Wofford*, 121 Mo. 61.

Vol. 125—30

BURGESS, J.—This is an original proceeding, by *mandamus*, against the respondents, as justices of the county court of Jackson county, to compel them to audit and allow against said county the sum of $70 in favor of the relator, Jacob B. Young, for services as official stenographer of the criminal court of said county, and to draw their warrant upon the treasurer of said county in his favor therefor.

The alternative writ recites, that on, and prior to, the twelfth day of July, 1894, the relator was duly appointed stenographer of the criminal court of Jackson county, Missouri, and that by virtue of such appointment he became, and was, entitled to receive as *per diem* compensation the sum of $10 for each and every day's attendance upon said court. That during the month of June, 1894, he attended upon said court at Kansas City for three days, and at the city of Independence for four days; and that on the twelfth day of July, 1894, he presented to the county court, aforesaid, his itemized statement therefor, approved by the Hon. John W. Wofford, judge of said criminal court, and requested that it audit and pay said claim, which they refused to do, on the ground that said claim was not considered a legal charge against said county. To the writ, respondents filed a general demurrer.

Relator's first contention is, that under section 8242, Revised Statutes, 1889, he is entitled to charge and receive from the county of Jackson the sum of $10 per day for each and every day's attendance by him as official stenographer on the criminal court of said county; but an examination of that section, when taken in connection with the other sections in the same article, will conclusively show that it has reference alone to the appointment and compensation of court stenographers in counties of more than forty-five thousand, and

less than one hundred and fifty thousand, inhabitants; clearly it has no application to Jackson county, which is shown by the census of 1890 (of which courts will take judicial notice) to have a population of one hundred and sixty thousand, five hundred and ten.

Nor does the fact that, by section 8245 of the same article, judges of the criminal courts of counties that had at the time that section became a law (Laws of 1887, page 160) more than forty-five thousand, and less than one hundred and fifty thousand, inhabitants were authorized to appoint an official stenographer for such court, subject to the same provisions of law that were then applicable to the circuit courts within such counties, make the section applicable to the county of Jackson, for the reason, that the maximum population prescribed by that section is several thousand less than the population of that county.

Sections 8233 and 8239, article 2, Revised Statutes, 1889, have no application whatever to the appointment of court stenographers by criminal courts which have no jurisdiction, except in criminal cases, and simply provide for the appointment of such stenographers by the judges of the circuit courts of the state in counties having more than one hundred thousand, and less than three hundred and fifty thousand, inhabitants. That article expressly provides that the judges of the *circuit* courts of the state of Missouri in counties that now have, or may hereafter have, a population of more than one hundred thousand, and less than three hundred thousand, inhabitants, shall appoint an official stenographer for each court, and we are unable to see how it can be seriously contended that it has any application to the criminal court of Jackson county.

Relator's appointment, duties and compensation as stenographer of the criminal court of Jackson county must, in the absence of any statutory enactment to

the contrary, be governed by the provisions of article
5, chapter 153, Revised Statutes, 1889, which provides
for the appointment of stenographers in courts having
jurisdiction in cases of felony in cities of over one hun-
dred thousand inhabitants. That court has jurisdic-
tion in cases of felony, holds three regular terms
annually in Kansas City, a city having a population of
over one hundred thousand inhabitants, and comes
clearly within the provisions of said article five (*State
ex rel Martin v. Wofford*, 121 Mo. 61), by which it is
authorized to have a stenographic reporter to be
appointed by the court, whose salary is fixed by section
8253, of said article, at $150 per month, payable at the
end of each month by the treasurer of said city, upon
presentation to said treasurer of vouchers duly approved
and certified by the clerk of said court.

While it is true that the act creating the criminal
court of Jackson county (Laws of 1871, p. 110) requires
three terms to be held each year in Kansas City and
two terms at Independence, said article 5, chapter 153,
is not intended to apply only where the city is separate
from the county, and has an independent municipal
government, but applies to a criminal court held in a
city of over one hundred thousand inhabitants. It was
so expressly held in *State ex rel Martin v. Wofford*,
*supra*. Article 5, chapter 153, was also held to be con-
stitutional in that case.

By section 8246, article 4, Revised Statutes, 1889,
the judge of each circuit or criminal court, within coun-
ties having a population of forty-five thousand inhabit-
ants or less, is authorized to appoint a competent official
stenographer, to attend during the term of such court
or any part thereof. By section 8252, article 5, Revised
Statutes, 1889, in cities having a population of over
one hundred thousand inhabitants, courts having juris-
diction in cases of felony are authorized to appoint an

official stenographic reporter. By section 8245, article 3, Revised Statutes, 1889, judges of the criminal courts within counties that now have, or may hereafter have, a population of more than forty-five thousand and less than one hundred and fifty thousand inhabitants are authorized to appoint an official stenographer for such court, but we have been unable to find any statutory law by which any criminal court or the judge thereof has the power or authority to appoint an official stenographic reporter outside of a city having a population of over one hundred thousand in a county having a population of one hundred and fifty thousand or more. It is evidently a case of *casus omissus*, or a condition of things not provided for by statute.

It, therefore, seems that the criminal court of Jackson county has no authority to appoint an official stenographic reporter for its court at Independence, and, such being the case, relator was not entitled to have audited and allowed against the county even his claim for four days services as official stenographer of the criminal court of Jackson county rendered at Independence at the June term of said court, 1894.

From what has been said the demurrer to the alternative writ of mandamus should be sustained and the peremptory writ denied. It is so ordered. All of this division concur.