THE STATE *ex rel.* SATTLEY v. WOFFORD, *Judge.*

### Division Two, January 21, 1895.

Mandamus: STENOGRAPHER: CRIMINAL COURT OF JACKSON COUNTY. Where the statute confers no authority on a court to appoint a stenographer, *mandamus* will not lie, at the instance of a defendant convicted therein of an offense, to compel the judge of said court to direct one acting as its stenographer to furnish such defendant with a transcript of its proceedings without charge for said services. (*State ex rel. v. Murphy*, 125 Mo. 464).

### *Mandamus.*

PEREMPTORY WRIT DENIED.

*J. O'Grady* and *Beebe & Watson* for relator.

GANTT, P. J.—The purpose of this proceeding is to obtain a peremptory writ of *mandamus* directing the respondent who is the duly elected, qualified and acting judge of the criminal court of Jackson county, to compel Jacob Young to make out and furnish relator a full and complete transcript of the evidence and all objections and exceptions heard and taken in a certain criminal prosecution in the criminal court of Jackson county, in which relator was tried and convicted of embezzlement and sentenced to the penitentiary of this state for four years, without cost to relator. This pro-

ceeding was evidently brought upon the assumption that Jacob Young was the official stenographer of said criminal court at Independence.

Pending the time the issues herein were being perfected, the case of the *State ex rel. Young v. Murphy et al., Judges of the County Court of Jackson County*, was submitted, and the conclusion reached that there was no statute authorizing the appointment of an official stenographer for said court at Independence and hence no law requiring said Young to make relator a transcript, without cost to relator. 125 Mo. 464. The learned judge refused to compel Mr. Young to make the transcript, until relator should secure him for his services in so doing, and in this he was clearly right. The peremptory writ is denied. All of this division concur.